Serena **ENGLAND**, Administratrix of the Estate of Arthur England, Deceased, Appellant,

v.

Edna **SLAGLE**, Administratrix of the Estate of Lee O. Slagle, Deceased, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1958.

C. W. Napier, Hazard, for appellant.

J. W. Craft, Jr., Hazard, for appellee.

CLAY, Commissioner.

■ This is an automobile accident case in which both drivers were killed in a side-swiping head-on collision. The jury found against plaintiff (administratrix) on her claim and against defendant (administratrix) on her counterclaim. Plaintiff only appeals, her principal contention being that the verdict is flagrantly against the evidence and was given under the influence of passion and prejudice.

We are not favored with a clear description of the place of this accident, but this detail is unnecessary. The two automobiles were proceeding in opposite directions. Immediately before the accident defendant's automobile had passed another going in the same direction. The principal testimony for the plaintiff was that of the driver of the car being passed.

This driver, who was a deputy sheriff, testified as follows: Defendant's automobile was proceeding at a high rate of speed, between 70 and 75 miles an hour. As it was passing, the deputy noticed the approaching plaintiff's car and did not think defendant's car would be able to get by in time. The deputy thereupon turned on his siren in an attempt to induce the passing car to fall behind. It did not do so and struck plaintiff's car which was on its right side of the road.

The principal witness for defendant was a passenger in defendant's automobile. He testified: Defendant's automobile started to pass the deputy's car several hundred feet away from the point of collision. Defendant's car was proceeding about 40 or 45 miles an hour and the speed was increased to 50 or 55 miles an hour while attempting to pass. Instead of permitting defendant's car to pass, the deputy's car increased its speed. The two cars traveled side by side for seven or eight hundred feet. Just as defendant's car was about to get by, the witness heard the siren and looked around. The driver of defendant's car did likewise. When the witness looked forward again they were "right on top of" plaintiff's car. Defendant's car, however, had returned to its right side of the road. Plaintiff's automobile was in the middle of the road.

It is plaintiff's contention that the evidence overwhelmingly establishes that the driver of defendant's car was grossly negligent in trying to pass the deputy's car at this point. There was convincing evidence in support of this theory.

However, if the jury believed defendant's principal witness, this accident could have been caused by: (1) the failure of the deputy to permit defendant's car to pass, (2) the act of the deputy in blowing his siren and confusing defendant's driver, or (3) the failure of the driver of plaintiff's car to be on his right side of the road or to have taken any steps to avoid the accident.

■ The credibility of witnesses is exclusively within the province of the jury. Cross v. Clark, 308 Ky. 18, 213 S.W.2d 443. We cannot as a matter of law reject the testimony of defendant's witness, and since the jury had a right to accept it as true, the verdict is not flagrantly against the evidence, nor is there any indication of passion and prejudice. Therefore this ground of reversal cannot be sustained.

Other questions are raised with respect to the trial court's rulings on the admission

and exclusion of certain evidence. It is unnecessary to pass upon the correctness of these rulings for the reason that the evidence involved was not of sufficient materiality to affect the verdict. The failure to submit an item of special damages need not be considered because the jury decided plaintiff was not entitled to any recovery.

The judgment is affirmed.